**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| ANASTASIA PYATKOVA,<br><br>       Plaintiff,<br>v.<br><br>SYLENA MOTORCARS, *et al.*,<br><br>       Defendants. | Civil Action No.<br><br>2:15-CV-3263-SDW-SCM<br><br><br>**ON DEFENDANT SYLENA MOTORCARS' MOTION TO DISMISS [D.E. 19]** |

<u>**REPORT AND RECOMMENDATION**</u>

**STEVEN C. MANNION**, United States Magistrate Judge.

   Now before the Court is defendant Sylena Motorcars ("Sylena Motorcars") Motion to Dismiss Plaintiff Anastasia Pyatkova's Amended Complaint.[1]  Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for report and recommendation.  The motion has not been contested.  Having reviewed and considered the arguments in support of the motion, it is respectfully recommended that Sylena Motorcars' Motion to Dismiss be **GRANTED.**

---

[1] (ECF Docket Entry No. ("D.E.") 19).

I.   **BACKGROUND**

   A.   **Facts**

Ms. Anastasia Pyatkova, a resident of New York, purchased a used automobile from Sylena Motorcars in Hasbrouck, New Jersey on August 26, 2014.[2]  Sylena Motorcars reported an odometer reading of 64,120 miles.[3]

On December 1, 2014, Ms. Pyatkova took the vehicle to Malibu Center Inc. in Brooklyn, New York for service and was informed that the car had salt water damage.[4]  That was confirmed on March 24, 2015, when Ms. Pyatkova took the vehicle to Brooklyn Motors in Brooklyn, New York.[5]

At different times, Ms. Pyatkova received two CarFax Vehicle History Reports that reported the vehicle having 71,669 miles on March 6, 2014.[6]  Sylena Motors admits that March 6, 2014 was the day the car was brought in to it for resale.[7]

---

[2] (D.E. 15, Amended Compl. ¶¶ 8, 15 and Exh. D).

[3] (*Id.*, Amended Compl. ¶ 16 and Exh. D).

[4] (*Id.*, Amended Compl. ¶ 17).

[5] See (*id.*, Amended Compl. at Exh. G).

[6] (*Id.*, Amended Compl. ¶ 13 and Exhs. A and F).

[7] (D.E. 19-1, Df Brf at 2).

2

**B.  Procedural History**

On May 11, 2015, Ms. Pyatkova filed this action against Defendants, Sylena Motorcars, Progressive Corporation ("Progressive"), Vitali Vilaine, and Larissa Hovannisyan seeking damages for violations of the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. 32701-32711 ("Odometer Act"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.* ("RICO" Act).[8]  In essence, Ms. Pyatkova alleges that Defendants engaged in fraudulent activity by inducing her to purchase a 2005 Mercedez-Benz SUV under false pretenses concerning the vehicle's mileage and condition.[9]

On November 16, 2015, Ms. Pyatkova filed an amended complaint on consent.[10]  On November 23, 2015, Progressive moved to dismiss the Amended Complaint.[11]  The Court granted Progressive's motion to dismiss, and Progressive was dismissed from the case on December 8, 2015.[12]

---

[8] (D.E. 1, Complaint).

[9] (D.E. 15, Amended Compl.).

[10] *See* (D.E. 13 and 15).

[11] (D.E. 16).

[12] (D.E. 17).

3

Now pending is Sylena Motors' motion to dismiss the Amended Complaint.[13] Ms. Pyatkova has not filed an opposition to the motion.

## II. **LEGAL STANDARD**

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] Specific facts are ordinarily not required, and "the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[15]

Complaints for fraud or mistake, however, "must state with particularity the circumstances constituting fraud or mistake."[16] This requirement affords defendants notice of the precise misconduct charged against them, and protects defendants against spurious claims.[17]

On a Rule 12(b)(6) motion to dismiss the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

---

[13] (D.E. 19).

[14] Fed.R.Civ.P. 8(a)(2).

[15] *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations omitted).

[16] Fed.R.Civ.P. 9(b).

[17] *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

4

under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[18]  Legal conclusions drawn from those facts are not afforded such deference.[19]

A court "need not accept factual claims that are internally inconsistent."[20]  Also, a court is not required to turn a blind eye to contradictory facts shown in documents properly before it.[21] The record on a Rule 12(b)(6) dismissal motion may include the complaint, documents submitted with the complaint, documents whose authenticity no party questions and whose contents are alleged in the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel.[22]  The motion record does not include pleadings that have been superseded.[23]

---

[18] *Phillips v. Cnty. of Alleghenny*, 515 F.3d 224, 231 (3d Cir. 2008)(internal quotations and citations omitted).

[19] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[20] *Anthony Sterling, M.D. v. Provident Life & Acc. Ins. Co.*, 519 F.Supp.2d 1195, 1208 (M.D. Fla. 2007).

[21] *Pickett v. Ocean-Monmouth Legal Servs., Inc.*, 2012 WL 1601003 at *4 (D.N.J. May 7, 2012).

[22] *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 560 (3d Cir. 2002).

[23] *West Run Student Housing Assoc., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 173 (3d Cir. 2013).

The Third Circuit instructs using a two-part analysis.[24] First, separating the factual and legal elements of a claim, accepting all well-pleaded facts as true, while disregarding any legal conclusions.[25] "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[26]

Second, determining whether the facts alleged are sufficient to show a "plausible claim for relief."[27] "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[28] In other words, a complaint must do more than allege the plaintiff's entitlement to relief on the facts alleged.[29] This "plausibility" determination will be "a context-specific task

---

[24] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[25] *Id.* at 210-211.

[26] *Iqbal*, 129 S.Ct. at 1949.

[27] *Fowler*, 578 F.3d at 211.

[28] *Iqbal*, 129 S.Ct. at 1949 (internal citations omitted).

[29] *Fowler*, 578 F.3d at 211.

6

that requires the reviewing court to draw on its judicial experience and common sense."[30] "

## II. **DISCUSSION**

### A. **Odometer Act Claims**

Ms. Pyatkova alleges that Sylena Motors engaged in fraud through inducing her to purchase a vehicle by falsely reporting its mileage and condition. Sylena Motors asserts that Ms. Pyatkova's Odometer Act claims must be dismissed for failing to meet the pleading requirements of Rule 9(b) and 12(b)(6).

To establish a claim for civil liability under the Odometer Act, a party must show a violation of the Act with intent to defraud.[31] "[T]he plain and ordinary meaning of the phrase 'intent to defraud' envisions conduct more invidious than mere negligence."[32] "Intent to defraud may be established through proof of a violation of the statute made with the specific intent to deceive or a reckless disregard for the vehicle's

---

[30] *Iqbal*, 129 S.Ct. at 1949.

[31] 49 U.S.C. § 32710(a).

[32] *Sacks v. DJA Automotive*, No. 12-284, 2013 WL 210248, at *9 (D.N.J. Jan. 18, 2013) (citing *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 806 (7th Cir. 1988)).

actual mileage."[33] The Ninth and Seventh Circuits have similarly held that the fraud must be mileage fraud.[34] The Eleventh Circuit concluded otherwise.[35]

The Court finds that while the allegations in the Amended Complaint state that the actual mileage on the vehicle was not accurately disclosed to Ms. Pyatkova, the allegations do not plead fraud with sufficient particularity. First, Ms. Pyatkova alleges that the vehicle was sold to her on August 26, 2014, "with an odometer reading of 64,120 miles," citing Exhibit A, a Carfax report.[36] The report does not reflect the August 26, 2014 sale of the vehicle nor the odometer reading on the date of sale. Thus, it is unclear whether Ms. Pyatkova is alleging that the odometer itself showed 64,120 miles, or that the odometer reading of 64,120 miles was provided to her in the Buyer's Order, which Ms. Pyatkova attached as Exhibit D to her complaint.

Ms. Pyatkova does not allege any facts suggesting a physical tampering of the actual odometer, such as marks on a

---

[33] *Id.* (citing *CDM Auto Wholesale, Inc. v. Jensen*, 31 F. App'x 621, 623 (10th Cir. 1990)) (internal quotations omitted).

[34] *Bodine v. Graco, Inc.*, 533 F.3d 1145 (9th Cir. 2008); *Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 715 (7th Cir. 2005).

[35] *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005).

8

dashboard, loose screws, or other indicators. If the numbers were inaccurately provided in the Buyer's Order only, Ms. Pyatkova does not plead facts suggesting the error was intentional, rather than a potential clerical error.

Second, subsequent documentation of mileage shows an increase in mileage after the sale to Ms. Pyatkova. The Carfax reports, attached as exhibits to the Amended Complaint, reflect that the "dealer [Sylena Motorcars] had [the] vehicle inspected to prepare it for sale."[37] These records are inconsistent with an intent to defraud.

Ms. Pyatkova rests her case on the fact that prior to her purchase, on March 6, 2014, the odometer reading was 71,669. She ignores the information shown in the exhibits attached to her own pleading, which reflect that after her purchase of the vehicle, Sylena Motorcars brought the vehicle for inspection, reflecting odometer readings of 78,679 on September 15, 2014 and 79,843 on October 9, 2014.[38] Had Sylena Motorcars intended to defraud Ms. Pyatkova, the odometer readings would not have increased by 14,000 miles when the vehicle was brought in for

---

[36] (D.E. 15, Amended Compl. ¶ 16 citing Exh. A).

[37] (*Id.,* Amended Compl. Exhs. A and F).

[38] *Id.*

9

inspection "to prepare it for sale."[39] Instead, an intent to defraud would have been supported with odometer readings more consistent with the 64,120 miles reported on August 26, 2014.

Without more, the Amended Complaint and exhibits do not plead or provide sufficient facts for the Court to infer intent to defraud. Not only does Ms. Pyatkova fail to indicate how intent can be inferred where the seller exposed the vehicle to a Carfax odometer report indicating a significantly higher odometer reading post-sale, but Ms. Pyatkova also failed to plead the basic circumstances of the alleged fraud to any level of detail.

The Amended Complaint does not even allege whether Ms. Pyatkova purchased the car in-person, over the telephone, or over the internet. It does not allege whether she inspected the odometer on August 26, 2014 or on any other date, or simply relied on the Buyer's Order. There is not even an allegation of when she took possession of the vehicle or what the vehicle's mileage was when Ms. Pyatkova had the car serviced on December 1, 2014 and March 24, 2015.[40] Without these facts, the Court does not have sufficient detail from which to infer fraud.

---

[39] *Id.*

[40] See (*id.*, Amended Compl. ¶¶ 17, 19 and Exhs. E and G).

For the foregoing reasons, I recommend granting the motion to dismiss because the Amended Complaint fails to support a plausible claim for relief under the Odometer Act. Ms. Pyatkova's failure to provide the specificity needed to support her claims is fatal under Rules 9(b) and 12(b)(6).

B.  **Civil RICO Claims**

The civil RICO statute allows "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [to] sue therefor in any appropriate United States district court."[41] Section 1962, in turn, provides in relevant part that:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.[42]

The term "racketeering activity" is defined to include a long list of state and federal crimes, among them the wire fraud

---

[41] 18 U.S.C. § 1964(c).

alleged here.[43]   Furthermore, a plaintiff must show (1) injury (2) by reason of a violation of § 1962.[44] This Civil RICO "standing" is usually viewed as a 12(b)(6) question.[45]

Ms. Pyatkova has failed to satisfy the pleading requirements for a civil RICO claim. The Amended Complaint merely recites the elements of a RICO claim and legal conclusions without well-pled factual allegations that show an entitlement to "relief that is plausible on its face."[46]

For example, though mail or wire fraud is alleged, Ms. Pyatkova does not plead specific facts, such as the date or nature of such communications. Also, the allegations of fraudulent representations concern the mileage reported when Ms. Pyatkova purchased the vehicle on August 26, 2014, but she does not plead whether she purchased the car in person, over the telephone, over the internet, or how the fraudulent representations were conveyed to her.

---

[42] 18 U.S.C. § 1962(c)-(d).

[43] 18 U.S.C. § 1961(*l*).

[44] 18 U.S.C. § 1964(c).

[45] *Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir. 2005)(citation omitted).

[46] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570; see also *Iqbal*, 129 S.Ct. at 1949 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

Furthermore, a RICO claim requires the existence of an "ongoing organization", but Ms. Pyatkova has not alleged facts to support the existence of such an organization. For the foregoing reasons, Sylena Motors' motion to dismiss the RICO claims should be granted.

IV.  **CONCLUSION**

In conclusion, it is respectfully recommended that Sylena Motor's motion to dismiss be **granted** without prejudice to Plaintiff's right to seek leave to amend. The parties have fourteen days to file and serve objections to this Report and Recommendation.[47]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/2/2016 5:33:54 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc:   All parties
      File

---

statements, do not suffice" to satisfy the pleading requirements of the Federal Rules).

[47] 28 U.S.C. § 636; L.Civ.R. 72.1(c)(2).